[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6005
The plaintiff Marsh Hill Properties, LLC (hereinafter Marsh Hill) has appealed from a determination of value of a portion of its property located in Orange, Connecticut taken by defendant Commissioner of Transportation, State of Connecticut (hereinafter D.O.T.) claiming that the amount of compensation deposited with the court is inadequate and does not fairly and justly compensate it for the property.
On May 26, 2000 the D.O.T. acting through its Commissioner and pursuant to statute, filed a notice of condemnation and assessment of damages with the Clerk's Office of the Superior Court for the Judicial District of Ansonia/Milford. Accompanying the notice was the D.O.T.'s check for $65,000 representing the D.O.T.'s assessment as to the damages sustained by the plaintiff for the property taking.
The property taken by the D.O.T. is located in the Town of Orange, Connecticut on the southwesterly side of Marsh Hill Road and consists of 38,535 square feet. The piece of property taken may be described as a "slice" off the plaintiff's land at this location which consists of 18.89 ± acres and was taken for the purpose of improving the layout and alignment of the highway passing alongside the plaintiff's property. The length of the "slice" was approximately 679 feet long at its greatest depth 98.5 feet, and included a sloping easement and a temporary right to install sedimentation control with the piece of property being taken located on the easterly side of a portion of the plaintiff's property on Marsh Hill Road. The balance of the plaintiff's total acreage of 18.89 acres remains undisturbed and consists of reasonably level land sloping gently away from Marsh Hill Road as viewed by the court on February 26, 2002 and is currently used by the owners as farm land. The separation of this "slice" of plaintiff's property in the court's opinion does not materially impact whatever use the plaintiff might choose to utilize the property for in the future. The remaining parcel has 1,400 feet fronting on Marsh Hill Road and 640 feet of frontage on Indian River Road on its northerly frontage. The property taken is within a Business Office Park Zone which includes, inter alia, office buildings, (Sec. 28.1) and (Sec. 28.2.1.) hotels and motels. The remaining property of the plaintiff is of more than sufficient size to permit utilization of any of the permitted uses under this section.
The appraiser retained by the D.O.T. testified at the hearing on the appeal with his report entered into evidence as Defendant's Exhibit 5. His analysis concluded that the value of the property taken was $65,000, based upon the "before and after" values. His comparable sales as set out in his report and testimony developed a square foot value of $1.60 for property located in this general area. With the area taken by D.O.T. CT Page 6006 encompassing 38,535 sq. ft., the value of the taken property was therefore $65,000. His appraisal was of limited value and did not consider the utilization of any part of the property for a motel/hotel which is a permitted use in this zone.
The plaintiff's appraiser, Jarvis Nichols of the firm of Norman Benedict Associates (Report, Plaintiff's Exhibit 4) testified as to his opinion of value using the comparable sales method and "value before/value after", and determined that the value of the property taken was $428,019. (Plaintiff's Exhibit 4, p. 6) His comparables included hotel sites in the area as the highest and best use of the plaintiff's property as permitted by the zoning ordinances. Mr. Nichols' evaluation contemplated the utilization of 8 acres of the parcel for a hotel site and thus, using comparable sales and "before and after" values, the taking of less than an acre resulted in the damage figure of $428,000. His report and testimony did not include a valuation of the remaining 10 acres of the plaintiff's property. Testimony was offered by the defendant that the use of the property for a motel site was contra indicated as it would be adjacent to another hotel nearby and in its opinion the area would not support two motels/hotels. However, the plaintiff's appraiser included in his report a letter from one Phillip Craft offering to lease a portion of the property for a hotel. (Plaintiff's Exhibit 4, Addenda.) Mr. Craft also confirmed this information by his personal testimony at the hearing. The defendant's appraiser and his report (Defendant's Exhibit 5) valued the property remaining after eliminating the 8 acres which could be utilized for a motel/hotel site and arrived at a value of $1.61 per sq. ft., with the highest and best use being general commercial development. He opined that the value of 8 acres for a hotel/motel should not be utilized in his evaluation as the D.O.T. taking had no adverse effect on any potential utilization of the remaining portion of the site for a motel/hotel should that be the plaintiff's desire.
The plaintiff's appraiser concluded the value of the property taken was $467,992 per acre. At 43,560 sq./ft. to an acre, the value per square foot is therefore $10.74. This as noted before was simply the value of the hotel/motel acreage without regard to the remaining acres as contrasted to the D.O.T. appraiser who set the sq./ft. value at $1.61 for the entire tract.
The question before the court is the determination of the fair value of the property taken and to what extent if any the deposit is deficient as claimed by the plaintiffs.
The Supreme Court has defined the scope of this court's obligation and indicated that: CT Page 6007
"[T]rial courts must be afforded substantial discretion in choosing the most appropriate method of determining the value of a taken property. . . . In condemnation proceedings the trial court is more than a trier of facts or an arbiter of differing opinions of witnesses; it is charged with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, its general knowledge and its viewing of the premises." French v. Clinton,216 Conn. 197, 200-201, 575 A.2d 686 (1990). See also Miniucci v.Commissioner of Transportation, 211 Conn. 383, 559 A.2d 216 (1989). The court is not, as a matter of law, bound by the valuations and valuation methods used by the appraisers, but it can consider the comparable sales of land that were in evidence, as well as the raw data used, in independently determining fair market value. Second Stone RidgeCooperative Corporation v. Bridgeport, 220 Conn. 335, 342, 597 A.2d 326
(1991).
Using the plaintiff's determination of a per acre value (Plaintiff's Exhibit 4, p. 5) of $467,992, the sq./ft. value of the land taken appears to be $10.74. The defendant's appraisal of the entire tract came to $1.60 sq./ft. The average sq./ft. value would therefore be $6.17 for the tract. With the taking amounting to 38,535 sq./ft. the court determines the value of the taking to be $237,760 with this figure including all damages including sloping rights and temporary easements.
The deposit of $65,000 having been paid there remains due to plaintiff the additional sum of $172,760 together with interest from the date of deposit at the rate of 6 percent pursuant to Sec. 13a-77 C.G.S. plus taxable costs. The court finds the appraiser's fee of $3,000 to be reasonable and pursuant to Sec. 13a-76 C.G.S. awards this amount to the plaintiff.
______________________ George W. Ripley II Judge Trial Referee